UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSON & COMPANY, LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>CLOUDSTYLE STORE, et al.,<br><br>   Defendants. | Case No. 20-cv-05174-JST<br><br>**ORDER GRANTING RENEWED MOTION FOR ASSIGNMENT**<br><br>Re: ECF No. 116 |

  Before the Court is Plaintiff Penson & Company, LLC's renewed motion for assignment. ECF No. 116. For the reasons stated below, the Court will grant the motion.

  Because the facts and procedural history of this action are well-known to the parties, *see* ECF No. 115, the Court will not elaborate them here.

  In sum, Penson previously sought an order, under Rule 69(a)(1) of the Federal Rules of Civil Procedure and California Code of Civil Procedure section 708.510(a), that any rights Cloudstyle has to disbursements from the Amazon Payments account for seller ID ABVOXG9QD52NV should be assigned to it. *See* ECF No. 107. On September 27, 2023, the Court denied that motion on the ground that Penson's evidence—"a declaration from counsel based on information and belief"—had not established that Cloudstyle had any right to the Amazon Payments account registered to Yun Duan. ECF No. 115 at 2 (internal quotations and citations omitted). The Court did, however, provide that "Penson may renew its motion if it can present evidence that Cloudstyle has a right to the funds held in the Amazon Payments account for seller ID ABVOXG9QD52NV." *Id.* at 3. Penson now brings a renewed motion for assignment.

  Under California law, "upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to

payment due or to become due, whether or not the right is conditional upon future developments . . . . " Cal. Civ. Proc. Code § 708.510(a). While "there needs to be more than just speculation before the remedy of an assignment order can be provided[,]" the judgment creditor need only provide "some evidentiary support" and "some degree of concreteness [that] the expected payment is required." *Legal Additions LLC v. Kowalski*, No. C-08-2754 EMC, 2011 WL 3156724, at *2 (N.D. Cal. July 26, 2011) (emphasis omitted); *see also UMG Recordings, Inc. v. BCD Music Grp., Inc.*, No. CV07-05808 SJO FFMX, 2009 WL 2213678 (C.D. Cal. July 9, 2009), *amended in part*, No. CV 07-05808 SJO (FFM, 2011 WL 798901 (C.D. Cal. Feb. 25, 2011) (holding "detailed evidentiary support" is not required by section 708.510). In addition, the judgment creditor is required to "describe [the sources of the right to payment] with sufficient detail so that [d]efendants can file a claim of exemption or other opposition." *Icho v. PacketSwitch.com, Inc.*, No. CV 01-20858-LHK (PSG), 2012 WL 4343834, at *1 (N.D. Cal. Sept. 21, 2012) (alterations in original) (citation omitted).

In its amended motion for reconsideration, Penson has presented emails from Amazon's counsel demonstrating that all the proceeds from Amazon Standard Identification Number ("ASIN") B087M49C1M were "deposited into [the] seller account associated with seller ID ABVOXG9QD52NV." ECF No. 116-4 at 2. As previously noted in a statement of non-party from Amazon Payments, Inc. regarding how the funds in Cloudstyle's Amazon account should be allocated:

> Amazon has a seller account registered by Hangzhou Yun Duan Import and Export Trade Co., Ltd. ("HYD"). HYD uses the dba Cloudstyle. The legal entity HYD using the dba Cloudstyle holds a single account under seller ID ABVOXG9QD52NV[.]

ECF No. 57 at 2. In its opposition, Cloudstyle argues that the emails provided by Penson are "not admissible evidence." ECF No. 118 at 3. Perhaps so, but "there is nothing in the text of [section] 708.510 which suggests that a showing of a right to payment due or to become due may be made only upon admissible evidence." *Legal Additions LLC*, 2011 WL 3156724 at *2. Here, the Court finds that the emails Penson provided are sufficient to meet the "relatively low" evidentiary standard of section 708.510. *Id.* at *3.

Cloudstyle's remaining arguments are likewise unpersuasive.  Cloudstyle contends that it has not "been served either personally or by mail with notice of the motion for assignment."  ECF No. 118 at 5.  But legal counsel for Cloudstyle and Yun Duan registered for the use of, and entered appearances via, ECF, which is sufficient for the purposes of actual notice.  *See* ECF Nos. 11, 40, 49; *Legal Additions LLC*, 2011 WL 3156724 at *1 (finding that there was "no doubt" that actual notice of the motion was provided to defendants through ECF).  Additionally, Cloudstyle claims that the Court should not grant Penson's renewed motion "without determining the identity of Cloudstyle, Yun Duan, and the Amazon seller account (seller ID ABVOXG9QD52NV), because it would deprive Yun Duan's due process right to defend and argue for itself."  ECF No. 118 at 6.  Cloudstyle points to no persuasive authority to support this proposition.  Indeed, Cloudstyle's only cited authority is an unreported case from another district concerning due process and the Prisoner Litigation Reform Act (PLRA).  *Id*.

For the foregoing reasons, the Court grants Penson's renewed motion for an assignment order.

**IT IS SO ORDERED.**

Dated:  November 28, 2023



JON S. TIGAR
United States District Judge