UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSON & COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CLOUDSTYLE STORE, et al.,<br><br>Defendants. | Case No. 20-cv-05174-JST<br><br>**ORDER DENYING MOTION TO WITHDRAW AS COUNSEL AND DENYING MOTION TO STAY**<br><br>Re: ECF Nos. 125, 128 |

Yu-Hao Yao, counsel to Defendants Cloudstyle Store and Hangzhou Yun Duan Import and Export Trade, Co., Ltd. ("Yun Duan"), has moved to withdraw as counsel to Defendants. ECF No. 125. In addition, Defendant Yun Duan has moved to stay the Court's prior order granting Plaintiff Penson & Company, LLC's renewed motion for assignment. ECF No. 128. For the reasons set forth below, the Court will deny both motions.

**I.    BACKGROUND**

Because the facts and procedural history of this action are well-known to the parties, the Court will not elaborate them here.

In sum, Penson previously sought an order, under Rule 69(a)(1) of the Federal Rules of Civil Procedure and California Code of Civil Procedure section 708.510(a), that any rights Cloudstyle has to disbursements from the Amazon Payments account for seller ID ABVOXG9QD52NV should be assigned to it. *See* ECF No. 107. On September 27, 2023, the Court denied that motion on the ground that Penson's evidence—"a declaration from counsel based on information and belief"—had not established that Cloudstyle had any right to the Amazon Payments account registered to Yun Duan. ECF No. 115 at 2 (internal quotations and citations omitted). The Court did, however, provide that "Penson may renew its motion if it can

present evidence that Cloudstyle has a right to the funds held in the Amazon Payments account for seller ID ABVOXG9QD52NV." *Id*. at 3. Penson subsequently filed a renewed motion for assignment, which this Court granted on November 28, 2023. ECF No. 121.

Yu-Hao Yao, counsel to Defendants, filed the present motion to withdraw as counsel on November 30, 2023. ECF No. 125. Three days later, Defendant Yun Duan moved to stay the enforcement of the Court's November 28, 2023 order. ECF No. 128.

## II.   JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III.   DISCUSSION

### A.   Motion to Withdraw as Counsel

"Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civil Local Rule 11–5(a). Civil Local Rule 11–4(a)(1) requires compliance with the standard of professional conduct required of members of the State Bar of California. *See also Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).

"The decision to permit counsel to withdraw is within the sound discretion of the trial court." *BSD, Inc. v. Equilon Enterprises, LLC*, No. 10–5223 SBA, 2013 WL 942578, at *1 (N.D. Cal. Mar. 11, 2013) (citing *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009)). "Factors which courts consider in ruling on a motion to withdraw include: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Riese v. Cnty. of Del Norte*, 12–CV–03723–WHO, 2013 WL 6056606, at *1 (N.D. Cal. Nov. 14, 2013).

Here, Yu-Hao Yao—the only attorney who has entered an appearance on behalf of Defendant Cloudstyle—seeks to withdraw as counsel of record for Defendants. Yao's motion to withdraw avers that "[t]he law firm, Glacier Law LLP, will continue to represent Defendants in the above-referenced proceeding," and that Penson "has indicated that it does not oppose this

motion." ECF No. 125 at 2. Penson's counsel, however, objected to Yao's motion, claiming that their "consent was obtained by falsified statements made by [Yao]." ECF No. 130 at 1–2. Specifically, Penson's counsel states that they only agreed not to oppose Yao's withdrawal because they believed that Tianyu Ju—an attorney with Glacier, LLP who represents Yun Duan—would continue to represent both Yuan Duan and Cloudstyle Store. *Id.* at 2. In subsequent communications, however, Ju informed Penson's counsel that Glacier, LLP would not represent any entity named Cloudstyle. ECF No. 130-3 at 2.

Yao also has not provided the Court with any reason "why withdrawal is sought." *Riese*, 2013 WL 6056606, at *1. Further, although it is unclear whether Glacier, LLP will continue to represent Cloudstyle, the Court is cognizant that granting Yao's withdrawal may cause prejudice to other litigants, as there is a possibility that Cloudstyle will no longer have counsel.[1] Finally, this case is nearly resolved and granting withdrawal may "delay the resolution of the case." *Id.*

Therefore, Yao's motion to withdraw as counsel is denied. If another attorney from Glacier, LLP enters an appearance for Cloudstyle, a notice of substitution of counsel may be filed. *See* Civ. L.R. 5–1(c)(2)(B) ("If counsel from the same firm replace one another as the representative of a client, a Notice of Substitution of Counsel must be e-filed.").

### B. Motion to Stay

The Court next turns to address Yun Duan's motion to stay. As a threshold matter, the parties dispute what legal standard should apply to the current motion. Yun Duan asserts that the Court should be guided by the four-factors outlined in *Nken v. Holder*, 556 U.S. 418, 434 (2009). ECF No. 128-1 at 2. Penson, however, claims that the *Nken* factors only apply to requests to "stay the enforcement of a judgment pending the outcome of an appeal," *Nken*, 556 U.S. at 421, and that Yun Duan did not appeal before filing the motion to stay. ECF No. 131 at 2. While it is true that an appeal must be filed, and that Yun Duan had yet to appeal before filing its motion to stay, Yun Duan filed a timely appeal on December 26, 2023. ECF No. 132. Thus, the Court will use the *Nken* factors in resolving the present motion.

---

[1] Neither Yao nor Glacier, LLP has certified that papers may continue to be served on counsel for forwarding purposes.

3

Under *Nken*, the Court considers four factors when evaluating whether to issue a stay: "(1) whether the stay [movant] has made a strong showing that [it] is likely to succeed on the merits; (2) whether the [movant] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434.  "The first two factors . . . are the most critical." *Id*.

### 1. Likelihood of Success on Merits

First, the Court examines whether the stay petitioner has made "a strong showing" that it "is likely to succeed on the merits." *Id*.  Yun Duan argues that Penson has "fail[ed] to prove" that it is entitled to the funds because it has not provided "admissible evidence." ECF No. 128-1 at 3. As the Court noted in its prior order, even if the evidence Penson provided was inadmissible, "there is nothing in the text of [section] 708.510 which suggests that a showing of a right to payment due or to become due may be made only upon admissible evidence." ECF No. 121 at 2 (citing *Legal Additions LLC v. Kowalski*, No. C-08-2754 EMC, 2011 WL 3156724, at *2 (N.D. Cal. July 26, 2011)).  Accordingly, the emails Penson provided were "sufficient to meet the 'relatively low' evidentiary standard of section 708.510." *Id*. (quoting at *Legal Additions LLC*, 2011 WL 3156724, at *3).  Yun Duan has provided no authority to the contrary, and therefore has not demonstrated a likelihood of success on the merits on this basis.

In addition, Yun Duan claims that Penson cannot demonstrate that "the funds currently restrained in Yun Duan's Amazon account [are] the sales proceeds from the Accused Products." ECF No. 128-1 at 3.  In response, Penson states that "[u]nder California law, 'all property of the judgment debtor is subject to enforcement of a money judgment.'" ECF No. 131 at 3 (quoting Cal. Civ. Proc. Code § 695.010(a)).  The Court agrees with Penson that it need not demonstrate that the source of the funds "were proceeds from the sale of the Accused Product." *Id*.  Rather, Penson is entitled to an amount in satisfaction of the default judgment.

In sum, neither argument put forth by Yun Duan is sufficient to demonstrate a likelihood of success on the merits.  Accordingly, Yun Duan has failed to prove the first factor.

### 2. Irreparable Injury

Next, the Court considers whether the movant "will be irreparably injured absent a stay."

*Nken*, 556 U.S. at 434. Yun Duan contends that it "would be extremely prejudiced and its business would be killed by this enforcement." ECF No. 128-1 at 5. Penson responds that Yun Duan has "provided no case law to support its argument that such enforcement constitutes irreparable injury" and that Defendant Cloudstyle "was ordered to pay damages to rectify the irreparable harm it had done to [Penson]." ECF No. 131 at 4. It is well-established that a court asked to impose a stay cannot "simply assume that . . . the balance of hardships will weigh heavily in the [movant's] favor." *Andreiu v. Ashcroft*, 253 F.3d 477, 484 (9th Cir. 2001) (internal quotations omitted). Nonetheless, the Court recognizes that there is a possibility that enforcement of damages may harm Yun Duan's business (even if said damages were ordered to rectify harm done to Penson). Thus, viewed in the light most favorable to Yun Duan, this factor weighs slightly in favor of Yun Duan.

### 3. Substantial Injury to Other Parties

The third factor calls for courts to "assess[] the harm to the opposing party[.]" *Nken*, 556 U.S. at 435. While Yun Duan alleges that "Penson would not suffer any injury because of the stay," the Court is unconvinced. ECF No. 128-1 at 5. As Penson points out, "Defendant Cloudstyle was ordered to pay damages," and denying damages by enforcing a stay "would serve only as a continuation of the irreparable harm done to [Penson]." ECF No. 131 at 4. Because Yun Duan cannot demonstrate that substantial injury would not befall Penson if a stay is granted, this factor does not hold in Yun Duan's favor.

### 4. Public Interest

Finally, the Court considers the public interest in granting a stay. Yun Duan asserts, in a somewhat conclusory manner, that the "public interest in the preservation of due process rights weigh[s] in [its] favor." ECF No. 1281- at 6. Yun Duan is correct that due process affords litigants "the opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). But Yun Duan has had a full and fair day in Court. Indeed, it has had several such days—this litigation has been ongoing for nearly four years.

The Court agrees with Penson that "the public interest would be served by protecting

copyrights and aiding the enforcement of federal law." ECF No. 131 at 4 (quoting *Dish Network L.L.C. v. Gonzalez*, No. 1:13-CV-00107-LJO, 2013 WL 2991040, *10 (E.D. Cal. June 14, 2013)) Further, enforcing the assignment order would "discourag[e] future infringers from creating additional confusion in the marketplace." *Id.* Therefore, on these facts, the Court cannot conclude that the public interest favors a stay of the assignment order.

Viewing the factors collectively, the Court finds that a stay of the assignment order is not warranted.

## CONCLUSION

In sum, the Court denies Yu-Hao Yao's motion to withdraw as counsel. ECF No. 125. It also denies Defendant Yun Duan's motion to stay the assignment order. ECF No. 128.

**IT IS SO ORDERED.**

Dated:  February 8, 2024



_____
JON S. TIGAR
United States District Judge