1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    PENSON & COMPANY, LLC,                    Case No. 20-cv-05174-JST

          Plaintiff,
8
                                               **GRANTING PLAINTIFF'S MOTION
9         v.                                   FOR SANCTIONS**

10   CLOUDSTYLE STORE, et al.,                 Re: ECF No. 145

          Defendants.
11

12

13          Before the Court is Plaintiff Penson & Company, LLC's motion for sanctions.  ECF No.

14   145.[1]  The Court will grant the motion.

15   **I.      BACKGROUND**

16          In July 2020, Penson filed this suit against multiple Defendants, including Cloudstyle Store

17   and Yun Duan, alleging Defendants had unlawfully copied the design of its face-mask packaging.

18   ECF No. 1.  Plaintiff filed proof of service stating that, on September 4, 2020, Katherine Wwu

19   accepted service on behalf of Cloudstyle Store at 103 Dory Drive, Salvisa, KY 40372.  ECF No.

20   11.  In September 2020, Penson moved for entry of default against Cloudstyle Store, which the

21   court clerk entered.  ECF Nos. 14, 15.  Penson then voluntarily dismissed the remaining

22   Defendants, including Yun Duan.  ECF No. 20.

23          On September 21, 2021, the Court entered a default judgment against Cloudstyle Store

24   awarding Penson $607,520 for actual damages, $8,000 for attorney's fees, and $1,310 in costs.

25

26   _____

27   [1] Plaintiff filed a motion for leave to file a motion for sanctions contemporaneously with its
     motion for sanctions.  ECF Nos. 143, 145.  The Court finds it appropriate to grant leave since
     much of the conduct that is the subject of the motion occurred following entry of judgment.  Given
28   both parties have briefed the merits of the motion for sanctions the Court finds it suitable for
     resolution.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    ECF No. 35.  Yun Duan, represented by Tianyu Ju at Glacier Law LLP, then moved to set aside

2    the entry of default and default judgment on the grounds that service of process was inadequate

3    and that Cloudstyle Store should not be bound by a default judgment entered after Yun Duan was

4    dismissed because Yun Duan was doing business as Cloudstyle Store.  ECF No. 41.  The Court

5    denied the motion finding the proof of service created a presumption of valid service, which Yun

6    Duan's conclusory denials failed to rebut.  ECF No. 50 at 2–3.  The Court also rejected Yun

7    Duan's argument that the subsequent dismissal of Yun Duan had the effect of dismissing

8    Cloudstyle Store.  *Id.* at 3.

9         Cloudstyle Store, represented by Yu-Hao Yao at Glacier Law LLP, then moved to set aside

10   entry of default and default judgment, on the same grounds as Yun Duan—that service of process

11   was inadequate, and Cloudstyle Store should not be bound by a default judgment entered after

12   Yun Duan was dismissed because Yun Duan was doing business as Cloudstyle Store.  ECF No.

13   76.  Cloudstyle Store moved to stay execution of the judgment pending disposition of that motion.

14   ECF No. 53.  Yun Duan also requested the Court order the release of its frozen assets.  ECF No.

15   55.  The Court denied all three motions.  ECF No. 85.  In denying Cloudstyle Store's motion to set

16   aside entry of default and default judgment, the Court noted that Cloudstyle Store's motion relied

17   upon many of the same arguments and facts as Yun Duan's motion that the Court had denied just

18   one month prior.  *Id.* at 9 n.4.

19        The Court then granted Penson's renewed motion for assignment of Cloudstyle Store's

20   rights to disbursement from the Amazon Payments account for seller ID ABVOCG9QD52NV.

21   ECF No. 121.  Shortly thereafter, Yu-Hao Yao filed an "unopposed" motion to withdraw as

22   counsel for both Yun Duan and Cloudstyle Store, representing that his law firm, Glacier Law LPP,

23   would continue to represent both Defendants in the proceedings.  ECF No. 125 at 2.  Penson

24   objected based on subsequent communications with Yu-Hao Yao's colleague, Tianyu Ju, who

25   stated Glacier Law LLP would not actually represent any entity named Cloudstyle Store.  ECF No.

26   130-3 at 2.  The Court denied Yu-Hao Yao's motion.  ECF No. 139 at 3.  Yun Duan then sought

27   stay and clarification of the Court's assignment order pending appeal, which the Court also

28   denied.  ECF No. 139.

1    Penson now moves for sanctions against Defendants' counsel, Tianyu Ju and Yu-Hao Yao,

2    under 28 U.S.C. § 1927 and the Court's inherent power[2] for unjustifiably delaying the proceedings

3    through frivolous motions and making false statements.  ECF No. 145.[3]

4    **II.    JURISDICTION**

5        The Court has jurisdiction under 28 U.S.C. § 1331.

6    **III.    LEGAL STANDARD**

7        Under Section 1927, an attorney "who so multiplies the proceedings in any case

8    unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

9    expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.

10   Sanctions under Section 1927 may be imposed where "an attorney knowingly or recklessly raises

11   a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent."  *In*

12   *re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (quoting *Estate of Blas. v.*

13   *Winkler*, 792 F.2d 858, 860 (9th Cir. 1986) (citation omitted)); *see also B.K.B. v. Maui Police*

14   *Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (concluding that "recklessness plus knowledge [is]

15   sufficient to justify the imposition of § 1927 sanctions").  "[I]n the context of § 1927,

16   frivolousness should be understood as referring to legal or factual contentions so weak as to

17   constitute objective evidence of improper purpose."  *In re Girardi*, 611 F.3d 1027, 1062 (9th Cir.

18   2010).  Additionally, Section 1927 creates a "duty to correct or withdraw litigation positions after

19   it becomes obvious that they are meritless."  *Id.* at 1064.  Sanctions imposed under Section 1927

20   cannot be "more than the excess costs, expenses, and fees incurred by the opposing party."

21   *Haynes v. City & Cnty. of S.F.*, 688 F.3d 984, 987–88 (9th Cir. 2012).

22   **IV.    DISCUSSION**

23       On September 21, 2021, the Court entered default judgment against Defendant Cloudstyle

24   Store.  ECF No. 35.  On December 28, 2021, Yun Duan filed its motion to set aside the default

25

---

26   [2] Because the Court finds sanctions are appropriate under 28 U.S.C § 1927, the Court does not consider sanctions under the Court's inherent power.

27   [3] Penson also argues that Defendants and their counsel should be held in contempt for violating the Court's assignment order.  ECF No. 154 at 7–9.  However, the Court does not consider

28   arguments raised for the first time on reply.  *See Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006).

United States District Court
Northern District of California

1    judgment contending that service of process was inadequate, and that Cloudstyle Store should not

2    be bound by a default judgment entered after Yun Duan was dismissed because Yun Duan was

3    doing business as Cloudstyle Store.  ECF No. 41.  The Court rejected these arguments and denied

4    the motion.  ECF No. 50.  Rather than accept the Court's order or file an appeal, Defendants'

5    counsel filed numerous motions repeating these same rejected arguments, causing over a year-and-

6    a-half delay.  ECF Nos. 53, 66, 76, 88, 98.[4]  More than two years after obtaining default judgment,

7    Penson is still awaiting payment.  In addition, Penson has incurred increasing legal fees

8    responding to Defendants' various filings.  This conduct, which unreasonably and vexatiously

9    multiplied the proceedings, warrants sanctions under Section 1927.  *See Womack v. Metro. Transit*

10   *Sys.*, No. 15CV2128-WQH-DHB, 2016 WL 759842, at *2 (S.D. Cal. Feb. 25, 2016) ("Repeated

11   filings which reiterate the same arguments that have already been rejected by the Court will not

12   change the outcome of this lawsuit and will expose the Plaintiff to liability for attorney's fees

13   incurred by Defendants in opposing the motions.").

14         In addition, Defendants' counsel made misrepresentations to opposing counsel and this

15   Court in a motion to withdraw.  ECF No. 125.  Specifically, Yu-Hao Yao obtained opposing

16   counsel's consent to the withdrawal by informing him that his colleague at Glacier Law LLP,

17   Tianyu Ju, would continue representing both Defendants Yun Duan and Cloudstyle Store.  ECF

18   130-2.  Yu-Hao Yao in his motion to the Court also represented that Glacier Law LLP would

19   continue representing both Defendants.  ECF No. 125.  However, subsequent communications

20   with Tianyu Ju indicated the firm did not plan to continue representing Cloudstyle Store.  ECF No.

21   130-3.  Defendants failed to correct this statement after it was brought to their attention,

22   compelling Penson to file an opposition to the motion.  ECF Nos. 130, 130-3.  This conduct also

23   warrants sanctions under Section 1927.  *See Malhiot v. S. Cal. Retail Clerks Union*, 735 F.2d

24   1133, 1138 (9th Cir. 1984) (misrepresentations "constitute[] the requisite bad faith and intentional

25   misconduct for which sanctions under Section 1927 are appropriate").

26   / / /

27   _____

28   [4] The Court does not consider the initial motion to set aside the default judgment, ECF No. 41, or motion to stay pending appeal, ECF No. 128, to be in violation of Section 1927.

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

Accordingly, Glacier Law LLP is ordered to pay Plaintiff $40,000 in fees it incurred as a result of these motions and to enforce the judgment and assignment order.  Glacier Law LLP must compensate Plaintiff within 21 days of this ruling.

**IT IS SO ORDERED.**

Dated:  June 25, 2024

_____
JON S. TIGAR
United States District Judge